UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLOCK, INC., ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:12-CV-0136-MHS |
| ) | |
| vs. ) | |
| ) | |
| GLOBAL GUNS & HUNTING, ) | |
| INC. d/b/a OMB GUNS and JOHN ) | |
| RALPH, III, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' REPLY TO GLOCK, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFEDNANTS' MOTION TO SET TIME CERTAIN DEADLINE FOR PROVIDING AMENDED RESPONSES AND TO DEFER RULING ON PENDING MOTIONS**

Defendants John Ralph, III ("Ralph") and Global Guns & Hunting, Inc. d/b/a OMB Guns ("OMB") hereby file this Reply to Glock, Inc's ("Glock") Memorandum of Law in Opposition to Defendants' Motion to Set Time Certain Deadline for Providing Amended Responses and to Defer Ruling on Pending Motions and state as follows:

**I.   INTRODUCTION**

In Plaintiff's Memorandum of Law in Opposition, Plaintiff cites to thirteen

9309/22462/576

cases[1], while overly embellishing the evidence in the record in a disturbing attempt to have this Court rely on negative inferences to make Plaintiff's case.

Plaintiff has provided evidence showing payments going back to November 2003 (Glock's Undisputed Facts Nos. 79-80), and then asserts that the payments were all connected to the allegations relating to the conversion schemes which Plaintiff alleges occurred between December, 2008, when Defendants' received the label machine, and 2010. (Glock's Undisputed Facts No. 162).

There is no evidence in the record which suggests the payments related to the conversion schemes as alleged by GLOCK, and the factual basis for RALPH's criminal plea does not fill in the blanks. Now that RALPH has entered his criminal plea and his Fifth Amendment privilege is no longer applicable, RALPH has shown good cause which justifies amending Defendants' discovery responses so that RALPH can have his day in court.

## II.  SUMMARY OF THE ARGUMENT

In all of the cases cited to by the Plaintiff, the issues concerning the parties assertion of their Fifth Amendment privilege related to <u>avoiding</u> the discovery process and thereafter attempting to present evidence at a hearing on summary judgment or

---

[1] Glock's counsel would not consent to increasing the page limit of Defendants' Reply to no more than 25 pages to provide Defendants' an opportunity to fully explain and distinguish the 13 cased cited to in Glock's Memorandum.

trial, which is not the circumstances of the case at bar.  Here, the Defendant is seeking to <u>participate</u> in discovery and amend the responses to which he previously asserted his Fifth Amendment privilege due to the then ongoing criminal investigation.

## III. <u>ARGUMENT</u>

### <u>DISTINGUISHING GLOCK'S CITED CASE LAW</u>

<u>Havenfield Corp. v. H & R Block, Inc. 509 F.2d 1263 (8th Cir. 1975)</u>

In *Havenfield*, the defendant's supplemental answers were stricken pursuant to Local Rule 20 of the District Court for the Western District of Missouri.  Id. at 1271.  That court went on to hold that under Rule 26(e) before any duty to amend discovery responses arises, it must be shown that the failure to disclose the new facts would amount to a knowing concealment and there is also a requirement that any amendments be made seasonably.  Id. at 1272.

Additionally, in *Havenfield*, the new facts sought to be disclosed by the defendant were discovered from a former employee of the plaintiff, and pertained to his actions on behalf of the plaintiff, so that court held that the failure to disclose those facts to the plaintiff did not come within the definition of a knowing concealment.  Id. at 1272.

Conversely, here RALPH asserted his Fifth Amendment privilege due to the then ongoing parallel criminal proceedings, which is a right allowed under the Fifth

Amendment. Once RALPH's criminal plea was entered, and the information became available pursuant to the Defendant's criminal plea, Defendants' immediately put the court on notice and requested forty-five (45) days to seasonably file amended responses.

**Sprint Commc'ns Co. v. Vonage Holdings Corp. 500 F. Supp. 2d 1290 (D. Kan. 2007)**

In *Sprint*, the "amendment" complained of consisted of Vonage asserting a defense for the first time in its defenses section of its preliminary pretrial order, which was submitted after the close of discovery, not amending discovery responses. Id. at 1336. The defense was not included in Vonage's response to Sprint's Interrogatories concerning Vonage's alleged defenses. *Id.* at 1337. That court inferred that Vonage should have amended its interrogatory response to include the new defense once the information supporting the defense was made available, which was before the close of discovery.

It is telling to note that, in its Memorandum and Order, the Sprint court cites to Rodriguez v. IBP, Inc., 243 F.3d 1221, 1229 (10th Cir. 2001) which provides, a "party is under a continuing duty to supplement incomplete information disclosed in interrogatories." Id. Additionally, the Sprint court indicated that it "might be willing to put the parties to this inconvenience if Vonage had offered a legitimate justification for its belated reliance" on the previously disclosed information as the basis for its

9309/22462/576                                                            4

defense. Sprint at 1338-39. (emphasis added) However, because that court found that Vonages' actions were a "strategic litigation decision" and the violation was "most accurately characterized as 'willful' rather than <u>justified</u>," it declined to permit Vonage from asserting that defense. Id. (emphasis added)

In the instant case, the Defendant asserted his Fifth Amendment privilege during discovery while under a then ongoing criminal investigation during the entire process; entered a plea in the criminal case prior to a ruling on the still pending motions; and now seeks to freely respond to discovery inquiries which implicated his Fifth Amendment rights during the criminal investigation. Under the unique circumstances of the case at bar, it would be grossly unjust to find that the Defendant's assertion of his Fifth Amendment privilege during the course of civil discovery was not legitimately justified due to the criminal investigation.

## <u>Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC, 219 F.R.D. 516 (D. Colo. 2003)</u>

The discovery issue in *Marcin* involves a defendant seeking to file a supplemental expert report based on "new" information after the close of discovery. Id. at 520-21. The court in *Marcin*, found that the defendant <u>could not show good cause</u> as to why the discovery deadlines should be amended. Id at 521. (emphasis added) That court made its decision to not reopen discovery because the defendant had access to the information they sought to provide via supplemental discovery long

before the discovery period ended and simply failed to review it and provide it to its expert so a supplemental report could be provided within the time frame provided in the discovery order.  Id. at 523.

The circumstances of this case clearly illustrate good cause as to why the Defendants should be permitted to supplement their discovery responses.  The circumstances illustrating good cause include: the Defendant's being forced to participate in discovery while under an ongoing criminal investigation; the Defendant entering a plea in the criminal case; and now the Defendant's privilege no longer applies to the responses he seeks to amend.

### SEC v. Zimmerman, 854 F. Supp. 896 (N.D. GA. 1993)

In *Zimmerman*, the Defendant had not been indicted, nor had an indictment been presented to a grand jury. Id. at 899.  Indeed, the instant case is distinguishable, because unlike Zimmerman, here the Defendant was indicted.

The logic of the *Zimmerman* opinion, heavily relied on by GLOCK, cannot be ignored.  In citing a litany of cases, the *Zimmerman* court stated "The Fifth Amendment is violated when a defendant, who is a defendant in both a criminal and civil case, is forced to choose between a waiver of testimonial privilege and automatic entry of an adverse judgment in a civil case".  There the *Zimmerman* court recognized that this exception would apply if *Zimmerman* was a defendant in any criminal

proceeding.

**<u>The "Shield and Sword" cases</u>**

The "shield and sword" cases all involve parties who refused to participate in the discovery process and thereafter sought to either file affidavits for motions for summary judgment or testify at trial. *See generally Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576 (1st Cir. 1989) (the court would not tolerate nor indulge a practice whereby a defendant by asserting the privilege against self-incrimination during pre-trial examination and then voluntarily waiving the privilege at the main trial surprised or prejudiced the opposing party) (quoting *Duffy v. Currier*, 291 F. Supp. 810, 815 (D. Minn. 1968); *Traficant v. Commissioner of Internal Revenue Service*, 884 F.2d 258, 265 (6th Cir. 1989) (Based on Traficant's assertion of his Fifth Amendment privilege, during discovery, the Tax Court would not permit him to introduce evidence as to matters that should have been apart of his responses to the subject interrogatories at trial); *Edmond v. Consumer Prot. Div., Office of Attorney General of the State of Maryland*, 934 F.2d 1304, 1308 (4th Cir. 1991) (held that the Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion); *SEC v. Global Express Capital Real Estate Investment Fund I, LLC*, No. 2:03-cv-01514-KJD-LRL, 2006 WL 7347289, 14 (D. Nev. Mar. 28, 2006)

(held that because of the defendants failure to participate in discovery by invoking the Fifth Amendment, that it was proper to preclude them from presenting evidence in opposition to summary judgment); *United States v. Sixty Thousand Dollars ($60,000) in United States Currency*, 763 F. Supp. 909, 913 (E.D. Mich. 1991) (held that after refusing to respond to discovery requests, the claimant may not now testify at trial or factually oppose the government's motion for summary judgment.)

The case at bar is distinguished because the "shield and sword" analogy is inappropriate. Here, unlike the parties in the referenced cases, the Defendant is seeking to actively participate in the discovery process and not hide behind the Fifth Amendment "shield" to later present withheld evidence as a "sword" in opposition or support of summary judgment or trial. Now that RALPH has entered a criminal plea, the Defendant seeks to amend his discovery responses to affirmatively respond to inquiries to which he once asserted his privilege and will make himself available to answer all questions related to the payments where he previously asserted his Fifth Amendment privilege.

**SEC v. Cymaticolor Corp., 106 F.R.D. 545 (S.D.N.Y. 1985)**

In *Cymaticolor*, it is the defendants reasons for asserting his Fifth Amendment privilege which justified that court's ruling and truly distinguishes that case from the case at bar. In that case, the defendant asserted his Fifth Amendment privilege

regarding basic aspects of his defenses and denials. Id. at 550. That defendant stated that he did not want to make a decision without fully knowing the extent of either the SEC's case against him or the existence of other exculpatory evidence. Id.

Here, RALPH asserted his Fifth Amendment privilege due to the then ongoing criminal investigation, not as a tactic to gain an advantage, which the record before this Court makes very clear.

Additionally Plaintiff misstates the holding of this case. That court gave the defendant ten days following the date of the opinion to make an election regarding his privilege and was only going to preclude that defendant from offering into evidence any matter relating to the factual bases for his denials and defenses as to which he continued to assert his fifth amendment rights at that time. Id. at 550.

**SEC v. Benson, 657 F. Supp. 1122 (S.D.N.Y. 1987)**

In *Benson*, the defendant sought to reopen discovery after he refused to disclose properly demanded discovery, <u>despite three court orders of production</u>. Id. (emphasis added).

That court held that Benson's request to permit him to conduct discovery was (1) unreasonable due to the remedial effects of the court's three prior orders, and (2) untimely without valid reason, which was why the court held that to permit Benson to reopen discovery now would abuse the plaintiff's rights.

In this case, there has been no attempt to compel discovery and now, in light of his criminal plea, the defendant seeks to furnish discovery responses for consideration on, and prior to, this Court's ruling on motions for summary judgment, not declining to do so as in *Benson*.

**Pack v. Beyer, 157 F.R.D. 219 (D.N.J. 1993)**

In *Pack*, prison inmates filed a civil rights action against prison officials. Id. at 220. The prison officials refused to supply discovery responses to interrogatories and requests for documents claiming that the material was privileged. Id. at 20-21.

That court held as follows: (1) that the Defendants could either, waive the privilege, respond to the Plaintiffs' discovery requests or be barred from using the privileged information at trial or summary judgment; (2) that if Defendants release any of the privileged information, within a reasonable time, so Plaintiffs' counsel will be able to examine the information through discovery, both parties will be able to use the newly released information in motion practice or at trial; and (3) that <u>if the Defendants release the information late in the process, upon a showing of good cause (for example, the privilege justifying the non-disclosure no longer exists) they will not be precluded from also using that information</u>. Id. (emphasis added).

Here, the Defendant seeks to comply with *Pack*. The Defendant's Fifth Amendment privilege no longer applies due to his criminal plea, and he seeks to

comply with Rule 26(e) and fulfill his duty to supplement discovery. Good cause is shown for permitting the release of information after the discovery period due to the entry of his criminal plea and the Defendant seeks to provide the information so as to not be precluded from utilizing newly released information in motion practice or at trial.

**Kickasola v. Jim Wallace Oil Co., 242 S.E.2d 483 (Ga. Ct. App. 1978)**

Finally, Plaintiff's attempt to distinguish *Kickasola* completely ignores the underlying principals of that case. In the case at bar, as well as *Kickasola*, just "because the defendant pleaded guilty to the criminal indictment [does not mean that] he will not be heard to introduce matters of extenuation and justification in a civil case arising out of the same circumstances." Id. at 486.

## CONCLUSION

By amending his prior responses, the Defendant is simply seeking to comply with his continuing duty to supplement disclosures under Rule 26(e). It is the unique circumstances of this case: the criminal investigation being initiated prior to discovery; a stay not issued because an indictment had not been filed; the defendant and witnesses asserting their Fifth Amendment privilege during discovery out of fear of criminal prosecution; the civil discovery being used to develop the criminal indictment; and the indictment and criminal plea both coming after the close of

discovery, all which justifies the amendment of discovery responses at this time.

## **RELIEF REQUESTED**

For the above reasons, Defendants John Ralph, III, and Global Guns & Hunting, Inc., d/b/a OMB Guns respectfully request that the Court defer ruling on the pending Motions for Summary Judgment and Partial Summary Judgment, allow Defendants 45 days to amend the responses to which John Ralph, III previously asserted his Fifth Amendment Privilege Against Self Incrimination, and if necessary, allow the parties to Amend their Motions for Summary Judgment based solely on the new factual information received from JOHN RALPH, III's amended discovery responses.

Dated on February 26, 2015.

                KINSEY, VINCENT, PYLE, P.L.

By:   /s James A. Pickens
      S. LaRue Williams (pro hac vice)
      Drew C. Williams (pro hac vice)
      James A. Pickens (pro hac vice)
      150 S. Palmetto Avenue, Suite 300
      Daytona Beach, FL 32114
      Telephone: (386) 252-1561
      Facsimile: (386) 254-8157
      slw@kvplaw.com
      dcw@kvplaw.com
      jp@kvplaw.com

                -and-

Corey M. Stern
Georgia Bar No. 680303
Woodward + Stern, LLC
1124 Canton Street
Roswell, GA 30075
Telephone: (770) 640-7667
Facsimile: (770) 640-7866
corey@woodwardstern.com

Attorneys for Defendants GLOBAL GUNS & HUNTING, INC. d/b/a OMB GUNS and JOHN RALPH, III

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1(D), NDGa, I certify that the foregoing Defendants' Reply to Glock, Inc's Memorandum of Law in Opposition to Defendants' Motion to Set Time Certain Deadline for Providing Amended Responses and to Defer Ruling on Pending Motions has been prepared using Times New Roman 14 point font, one of the approved font and point selections specified in LR 5.1(C), NDGa.

                                                KINSEY, VINCENT, PYLE, P.L.

/s James A. Pickens
S. LaRue Williams (pro hac vice)
Drew C. Williams (pro hac vice)
James A. Pickens (pro hac vice)
150 S. Palmetto Avenue, Suite 300
Daytona Beach, FL  32114
Telephone:  (386) 252-1561
Facsimile:  (386) 254-8157
slw@kvplaw.com
dcw@kvplaw.com
jp@kvplaw.com

Attorneys for Defendants GLOBAL GUNS & HUNTING, INC. d/b/a OMB GUNS and JOHN RALPH, III

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, I electronically filed Defendants' Reply to Glock, Inc's Memorandum of Law in Opposition to Defendants' Motion to Set Time Certain Deadline for Providing Amended Responses and to Defer Ruling on Pending Motions with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Christopher E. Parker | John F. Renzulli |
| Michael P. Kohler | Christopher Renzulli |
| Miller & Martin PLLC | Scott C. Allan |
| 1170 Peachtree Street, N.E. | Cornelius J. McCarthy |
| Suite 800 | (admitted pro hac vice) |
| Atlanta, GA  30309 | Renzulli Law Firm |
| Telephone:  (404) 962-6100 | 81 Main Street, Suite 508 |
| Facsimile:  (404) 962-6300 | White Plains, NY  10601 |
| cparker@millermartin.com | Telephone: (914) 258-0700 |
| mkohler@millermartin.com | Facsimile: (914) 285-1213 |
| | jrenzulli@renzullilaw.com |
| | crenzulli@renzullilaw.com |
| | sallan@renzullilaw.com |

/s James A. Pickens
S. LaRue Williams (pro hac vice), slw@kvplaw.com
Drew C. Williams (pro hac vice), dcw@kvplaw.com
James A. Pickens (pro hac vice), jp@kvplaw.com
Attorneys for Defendants
Kinsey, Vincent, Pyle, P.L.
150 S. Palmetto Avenue, Suite 300
Daytona Beach, FL  32114
Telephone (386) 252-1561
Facsimile: (386) 254-8157