IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLOCK, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:12–CV–0136-MHS |
| v. ) | |
| ) | |
| GLOBAL GUNS & HUNTING, ) | |
| INC. d/b/a OMB GUNS and ) | |
| JOHN RALPH, III, ) | |
| ) | |
| Defendants. ) | |

**GLOCK, INC.'S RESPONSE TO DEFENSE COUNSEL'S
MOTION TO WITHDRAW**

COMES NOW plaintiff Glock, Inc. ("Glock") by and through counsel, and respectfully submits this response to Kinsey, Vincent, Pyle, P.L.'s and Woodward + Stern, LLC's motion for leave to withdraw as counsel for defendants Global Guns & Hunting, Inc. d/b/a OMB Guns ("OMB") and John Ralph, III ("Ralph").

**I.     ARGUMENT**

This case, which has been pending since January 13, 2012, has been repeatedly delayed because of defendants' actions. A substantial portion of that delay was caused by the repeated withdrawal of counsel for defendants and the time needed for new counsel to become familiar with the case. Defendants were

originally represented in this case by Michael S. Reeves and Benjamin M. Byrd of Friend Hudak & Harris, LLP and Brian H. Bieber of Hirschhorn & Bieber, P.A.  Mr. Bieber withdrew as counsel for defendants on January 8, 2013 (Dkt. No. 77), followed by Messrs. Reeves and Byrd on March 27, 2013 (Dkt. No. 104).  Corey M. Stern of Woodward + Stern, LLC, and Matthew S. Welch, S. LaRue Williams, and Drew C. Williams of Kinsey, Vincent, Pyle, P.L. appeared on behalf of defendants on April 3, 2013.  On October 23, 2013, Mr. Welch withdrew as counsel for defendants because he had left Kinsey, Vincent, Pyle P.L. (Dkt. No. 140). James A. Pickens of Kinsey, Vincent, Pyle, P.L. then appeared on behalf of defendants on June 16, 2014.

This Court entered an Order on March 30, 2015 resolving the parties' motions for summary judgment, as a result of which the parties were required to file their proposed consolidated pretrial order by April 29, 2015.  Defendants filed a motion on April 10, 2015, requesting a sixty day extension to conduct the required in-person settlement conference, followed by an additional thirty days to file the proposed consolidated pretrial order.  The stated justification for defendants' motion was that with this Court's March 30, 2015 Order:

> narrowing the scope of the issues to be resolved, the <u>parties are now in a position to hold meaningful settlement negotiations</u> and more accurately assess the possibility of settlement, if permitted an appropriate time to prepare and do so.  If the parties are unable to settle

> this matter, then at least they would then be in a position to more sharply define the issues that they incorporate into the pretrial order.

Defs.' Mot. for Enlargement of Time (Dkt. No. 180) at 3 (emphasis added).  Based on defendants' representations, Glock agreed to the requested extension to "explore Ralph's and OMB's financial information and to discuss whether a potential resolution of this litigation can be obtained during that time period."  Glock's Resp. (Dkt. No. 182) at 1.  This Court granted defendants' motion on April 28, 2015 and required the parties to hold the required in-person settlement conference by June 29, 2015.

Since this Court decided the parties' motions for summary judgment on March 30, 2015, Glock has repeatedly attempted to schedule the required in-person settlement conference, but defendants have failed to cooperate.  Counsel for the parties held a preliminary telephonic settlement conference on April 16, 2015, during which counsel for Glock offered a potential settlement number that they would take to their client.  Defendants never responded to Glock's overtures or made a settlement offer of their own.  Further, despite agreeing to provide financial information to Glock to facilitate settlement negotiations (and the parties entering into a separate confidentiality agreement specifically related to that information), to date, defendants have only provided the nine page Net Worth Statement and three page Cash Flow Statement (without the exhibits) that Ralph had provided to his

probation officer in connection with his plea to Count I of the indictment in *United States v. Ralph*, No. 5:14-CR-40066-DDC, pending in the U.S. District Court for the District of Kansas.  Glock's requests for the exhibits to Ralph's Net Worth and Cash Flow Statement, defendants income tax returns, and a supplemental deposition of Ralph regarding defendants' financial situation, remained outstanding at the time that the motion to withdraw was filed.

Essentially no progress has been made towards the potential settlement of this case despite defendants' April 10, 2015 representation that the "parties are now in a position to hold meaningful settlement negotiations" in order to obtain a three month extension of the deadline to file the proposed consolidated pretrial order.     Glock has been prejudiced by the delay of the deadline for filing the pretrial order. Defendants' response to the motion to withdraw by their counsel is not due until June 26, 2015, which means that there will not be any possibility of completing the in-person settlement conference by the June 29, 2015 deadline set by this Court's April 28, 2015 Order.

Glock has recently learned that the Blue Valley Bank obtained an order on May 22, 2015 appointing a receiver to take control of OMB and its assets.  Attached hereto as Exhibit A is a copy of a May 22, 2015 Order Appointing Receiver in *Bank of Blue Valley v. Global Guns & Hunting, Inc. d/b/a OMB Guns, et al.*, No. 15-CV-

4

3150, pending in the Civil Division of Johnson County, Kansas.  In addition, Ralph is scheduled to be sentenced on September 14, 2015, in the U.S. District Court for the District of Kansas pursuant to his plea of guilty to a felony, and he could be sentenced to prison and be unavailable to be cross-examined by Glock during the trial of this case.

Accordingly, if this Court grants the motion to withdraw by counsel for defendants, Glock respectfully requests that defendants be required to have new counsel enter an appearance on their behalf no later than fourteen days after the entry of such order.  If no counsel appears on behalf of corporate defendant OMB, Glock respectfully requests that it be placed in default and an inquest be scheduled to determine the amount of damages to be awarded to Glock.

If new counsel enters an appearance for defendants, Glock requests that the parties be excused from the requirement to hold an in-person settlement conference, and that the proposed consolidated pretrial order be due thirty days after the appearance of new counsel for defendants.

## II. CONCLUSION

For the above reasons, Glock respectfully requests that if this Court grants defense counsel's motion to withdraw that it require new counsel to enter an appearance within fourteen days and that the proposed consolidated pretrial order be

3150, pending in the Civil Division of Johnson County, Kansas.  In addition, Ralph is scheduled to be sentenced on September 14, 2015, in the U.S. District Court for the District of Kansas pursuant to his plea of guilty to a felony, and he could be sentenced to prison and be unavailable to be cross-examined by Glock during the trial of this case.

Accordingly, if this Court grants the motion to withdraw by counsel for defendants, Glock respectfully requests that defendants be required to have new counsel enter an appearance on their behalf no later than fourteen days after the entry of such order.  If no counsel appears on behalf of corporate defendant OMB, Glock respectfully requests that it be placed in default and an inquest be scheduled to determine the amount of damages to be awarded to Glock.

If new counsel enters an appearance for defendants, Glock requests that the parties be excused from the requirement to hold an in-person settlement conference, and that the proposed consolidated pretrial order be due thirty days after the appearance of new counsel for defendants.

## II. CONCLUSION

For the above reasons, Glock respectfully requests that if this Court grants defense counsel's motion to withdraw that it require new counsel to enter an appearance within fourteen days and that the proposed consolidated pretrial order be

due within thirty days of appearance by new counsel, if no new counsel appears, enter a default against OMB and schedule an inquest, and grant such other relief as it deems just and proper.

Dated:  Atlanta, Georgia
         June 11, 2015

>Respectfully submitted,
>
>By:  */s/ Michael P. Kohler*
>     Christopher E. Parker
>     Georgia Bar No. 562152
>     Michael P. Kohler
>     Georgia Bar No. 427727
>     **MILLER & MARTIN PLLC**
>     1180 West Peachtree Street, N.W., Suite 2100
>     Atlanta, GA 30309
>
>     – and –
>
>     John F. Renzulli (*pro hac vice*)
>     Christopher Renzulli (*pro hac vice*)
>     Scott C. Allan (*pro hac vice*)
>     **RENZULLI LAW FIRM, LLP**
>     81 Main Street, Suite 508
>     White Plains, NY 10601
>     Telephone: (914) 285-0700
>     Facsimile:  (914) 285-1213
>
>     Attorneys for Plaintiff Glock, Inc.

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

I certify that the foregoing Response to Defense Counsel's Motion to Withdraw has been prepared using Times New Roman 14 point font, one of the approved font and point selections specified in LR 5.1(C), NDGa.

>   */s/ Michael P. Kohler*
>   Michael P. Kohler
>   Georgia Bar No. 427727
>   mkohler@millermartin.com
>   **MILLER & MARTIN PLLC**
>   1180 West Peachtree Street, N.W., Suite 2100
>   Atlanta, GA 30309
>
>   Attorneys for Plaintiff Glock, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2015, I electronically filed Glock, Inc.'s Response to Defense Counsel's Motion to Withdraw with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

S. LaRue Williams, Esq.
Drew C. Williams, Esq.
James Pickens, Esq.
Kinsey, Vincent, Pyle, P.L.
150 S. Palmetto Avenue, Suite 300
Daytona Beach, FL 32114

– and –

Corey M. Stern, Esq.
Woodward + Stern, LLC
1124 Canton Street
Roswell, GA 30075

/s/ Michael P. Kohler
Michael P. Kohler
Georgia Bar No. 427727
mkohler@millermartin.com
**MILLER & MARTIN PLLC**
1180 West Peachtree Street, N.W., Suite 2100
Atlanta, GA 30309

Attorneys for Plaintiff Glock, Inc.