# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLOCK, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:12–CV–0136-AT |
| v. | ) |
| | ) |
| GLOBAL GUNS & HUNTING, | ) |
| INC. d/b/a OMB GUNS and | ) |
| JOHN RALPH, III, | ) |
| | ) |
| Defendants. | ) |

## GLOCK, INC.'S RESPONSE TO JOHN RALPH, III'S MOTION FOR AN EXTENSION TO ANSWER TO THE SEPTEMBER 30, 2016 ORDER

COMES NOW Plaintiff Glock, Inc. ("Glock") by and through counsel, and respectfully submits its response in opposition to John Ralph, III's ("Ralph") for an extension to answer to the September 30, 2016 Order (Doc. No. 208) ("Motion for an Extension").

Ralph's Motion for an extension simply states that he is requesting a forty-five day extension to "answer to" this Court's September 30, 2016 Order. The specific nature of the relief he is requesting is unclear. That Order set a deadline of November 29, 2016 for Ralph to file a "a motion supported by facts and legal authority," "if he seeks to challenge the default judgment," and it appears that he is

seeking a forty-five day extension in which to do so.[1] Glock opposes Ralph's motion for a forty-five day extension to file a motion challenging the default judgment because there is no good faith basis for such a motion.

## ARGUMENT

Judge Shoob entered an Order on June 22, 2015, directing Ralph to either have an attorney file an appearance on his behalf or "notify the clerk of his decision to appear *pro se* and provide the clerk with his current telephone number and address. Failure to comply with this order shall constitute a default." (Doc. No. 192). A copy of this Order was served on Ralph by the Clerk of the Court on June 23, 2015.

On July 16, 2015, Judge Shoob entered an Order noting that no attorney had appeared on behalf of Ralph, and he had not notified the Clerk of the Court of his decision to defend himself *pro se*. (Doc. No. 193 at 1). Based on the above, Judge Shoob directed the Clerk of the Court to enter default against Ralph. Pursuant to Judge Shoob's July 16, 2015 Order, the Clerk of the Court entered Ralph's default and reassigned the case to Judge Totenberg that day. On July 17, 2015, the Clerk of

---

[1] The remaining dates contained in the September 30, 2016 Order, such as the now expired November 7, 2016 deadline for Ralph to "identify (1) documents from the September 21, 2016 Exhibit List and (2) documents from Mr. Ralph's criminal case that he intends to use at the damages hearing," were simply clarifying dates that had been set in the September 12, 2016 Order. (Doc. No. 208 at 3-4).

2

the Court served a copy of Judge Shoob's July 16, 2015 Order, the entry of default, and the notice that the case had been reassigned on Ralph. Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

On September 25, 2015, this Court entered an Order noting that Judge Shoob's June 22, 2015 Order:

> gave the Defendants 21 days to notify the Clerk of the name and contact information of any new counsel they had retained and informed Defendant Ralph that if he decided to proceed pro se, he should notify the Clerk of such and provide the Clerk with his contact information [Doc. 192]. Judge Shoob noted expressly, "[f]ailure to comply with this order shall constitute a default" [Id. at 2]. Defendants failed to comply with this order and Judge Shoob consequently directed the Clerk to enter default. . . .

Doc. No. 195 at 2. This Court's Order further noted that defendants had still "not informed the Clerk of any new counsel (or an intention to proceed pro se in the case of Defendant Ralph). . . ." *Id.* The Clerk of the Court mailed a copy of this Court's September 25, 2015 Order to Ralph that day. For the second time, Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

Glock filed a response to this Court's September 25, 2015 Order on October 1, 2015, noting that:

3

Defendants have not responded to Judge Shoob's June 22, 2015 Order to advise the Clerk of the Court of appearance by new counsel or the decision by defendant John Ralph, III ("Ralph") to represent himself *pro se*. In addition, defendants have never moved to lift the July 16, 2015 Order entering their default.

Also on October 1, 2015, Glock filed a motion for default judgment, in which it noted that:

> On July 16, 2015, Judge Shoob issued an Order directing the Clerk of the Court to enter default against Ralph and OMB pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Based on his determination that "this case is now ready for trial to determine the amount of plaintiff's damages," he directed the Clerk of the Court to reassign it to another judge for such purpose. July 16, 2015 Order (Dkt. No. 193) at 2. The Clerk of the Court entered defendants' default and reassigned the case to Judge Totenberg for all further proceedings that same day.

(Doc. No. 197 at 5). Glock mailed copies of its response to this Court's September 25, 2015 Order and its motion for default judgment to Ralph on October 1, 2015. For a third time, Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

On August 18, 2016, this Court entered an Order granting Glock's motion for default judgment, in which it noted that Judge Shoob's June 22, 2015 Order:

> directed Defendant Ralph to inform the Court of whether he wanted to appear pro se and provide his current contact information. The Order specified that failure to comply with its provisions would constitute a default. **** Ralph never indicated his desire to appear *pro se* or provided new contact information to the Court. As a result, on July 15,

4

2015, Judge Shoob entered an Order directing the Clerk to enter Defendants' default. . . .

(Doc. No. 198 at 1-2). The Clerk of the Court mailed a copy of this Court's August 18, 2016 Order to Ralph on August 18, 2016. For a fourth time, Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

On August 29, 2016, this Court entered an Order (Doc. No. 199) scheduling a damages hearing for September 12, 2016 pursuant to the August 18, 2016 Order granting Glock's motion for default Judgement. The Clerk of the Court mailed a copy of the August 29, 2016 Order to Ralph that day. For the fifth time, Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

On August 30, 2016, this Court entered an Order (Doc. No. 200) directing both the Clerk of the Court and Glock to serve a copy of the August 18, 2016 Order "granting default judgment in Plaintiff's favor" on Ralph. The Clerk of the Court mailed a copy of that Order to Ralph on August 30, 2016, and Glock served a copy of the August 18, 2016, August 29, 2016, and August 30, 2016 Orders on Ralph by Federal Express on Ralph on August 31, 2016 (Doc. No. 201). For a sixth time, Ralph did not respond and claim that default had been improperly entered because he had responded to Judge Shoob's June 22, 2015 Order.

On September 12, 2016, Ralph claimed for the first time that "he answered the June 22, 2015 order by Judge Shoob both via telephone and in writing. . . ." (Doc. No 206 at 1). Then, in an *ex parte* email to this Court's law clerk, John Bartholomew, on September 28, 2016, Ralph claimed that he is "working on defending a default judgement against myself only now, however I did file Pro Se for myself last year and feel I should still be fighting the case and not a default judgement [*sic*]. I am a little confused." (Doc. No. 208 at 2).

Ralph's claim that he responded in writing to Judge Shoob's June 22, 2015 Order and advised the Clerk of this Court that he would be defending himself *pro se* is specious. As detailed above, there was more than year long period between the entry of default against Ralph and his newly manufactured claim that the default was improperly entered. During that time, he was served with notices advising him that he was in default based on having failed to respond to Judge Shoob's June 22, 2015 Order at least six times, and failed to respond to any of them. Further, Ralph was not in prison at the time that he was served with Judge Shoob's June 22, 2015 Order, and received three of the above six notices that he was in default before he surrendered to Yankton Federal Prison Camp on February 16, 2016.[2]

---

[2] Doc. No. 211 from *U.S. v. Ralph*, No. 5:14-cr-40066-DDC (D. Kan.), attached hereto as Exhibit 1.

## CONCLUSION

If Ralph had actually responded to Judge Shoob's June 22, 2015 Order and advised the Clerk of the Court in writing that he intended to defend himself *pro se*, he would have responded to the repeated notices that he was in default that he received over the last fifteen months. Ralph has no good faith basis to challenge the default judgment against him. The restrictions imposed on him by his current imprisonment are not valid grounds for an extension because he had eight months in which to challenge the entry of default against him before he even surrendered to prison. Ralph is simply seeking to delay this case and create additional work for plaintiff and this Court. His request for an extension to file a motion challenging the default judgment against him should therefore be denied.

Dated: Atlanta, Georgia
       November 11, 2016

                      Respectfully submitted,

            By: */s/ Christopher E. Parker*
                 Christopher E. Parker
                 Georgia Bar No. 562152
                 Michael P. Kohler.
                 Georgia Bar No. 427727
                 **MILLER & MARTIN PLLC**
                 1180 West Peachtree Street, N.W., Suite 2100
                 Atlanta, GA 30309

                         – and –

John F. Renzulli (*pro hac vice*)
Christopher Renzulli (*pro hac vice*)
Scott C. Allan (*pro hac vice*)
**RENZULLI LAW FIRM, LLP**
81 Main Street, Suite 508
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile: (914) 285-1213
Attorneys for Plaintiff Glock, Inc.

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

I certify that the foregoing Response in Opposition to John Ralph, III's Motion to For an Extension to Answer to the September 30, 2016 Order has been prepared using Times New Roman 14 point font, one of the approved font and point selections specified in LR 5.1(C), NDGa.

*/s/ Christopher E. Parker*
Christopher E. Parker
Georgia Bar No. 562152
cparker@millermartin.com
**MILLER & MARTIN PLLC**
1180 West Peachtree Street, N.W., Suite 2100
Atlanta, GA 30309

Attorneys for Plaintiff Glock, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2016, I served Glock, Inc.'s Response in Opposition to John Ralph, III's Motion to For an Extension to Answer to the September 30, 2016 Order by U.S. Mail, postage prepaid, addressed to:

Global Guns & Hunting, Inc. d/b/a OMB Guns
15765 S. Keeler Street
Olathe, KS 66062

– and –

John Sullivan Ralph
Register Number: 24538-031
FPC Yankton
Federal Prison Camp
P.O. Box 700
Yankton, SD 57078

/s/ *Christopher E. Parker*
Christopher E. Parker
Georgia Bar No. 562152
chris.parker@millermartin.com
**MILLER & MARTIN PLLC**
1180 West Peachtree Street, N.W., Suite 2100
Atlanta, GA 30309

Attorneys for Plaintiff Glock, Inc.

# EXHIBIT 1

O 245C (Rev. 09/11 - D/KS 08/12) Second Amended Judgment in a Criminal Case* (NOTE: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment



**DEFENDANT:** John Sullivan Ralph III
**CASE NUMBER:** 5:14CR40066 - 001

FILED
MAR -8 2016
Clerk, U.S. District Court
By_____ Deputy Clerk

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months.

☒ The Court makes the following recommendations to the Bureau of Prisons:

If eligible, the Court recommends designation as close to the defendant's home as possible, to facilitate continued contact with family members.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

　☐ at ___ on ___.

　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before ___ on ___.

　☒ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on __2-16-16__ to __FPC Yankton__

at __Yankton, SD__, with a certified copy of this judgment.

G. Kizziah, Warden
FPC Yankton
UNITED STATES MARSHAL
S. Raabe, CSO
FPC Yankton
By _____
Deputy U.S. Marshal