IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLOCK, INC.,  )
    Plaintiff,  )
vs.  )
GLOBAL GUNS & HUNTING,  )  CASE NO. 1:12-CV-0136
INC. d/b/a OMB GUNS and JOHN  )
RALPH, III,  )
    Defendants.  )
    )

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 2 2016

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

MOTION TO SET ASIDE DEFAULT JUDGEMENT

COMES NOW Ralph, a pro se defendant, respectfully submits a Motion to Set Aside the Default Judgement against Ralph.

Facts and Reasons

1. Ralph was President of Global Guns & Hunting Inc. dba OMB Guns (OMB) co defendant, resulting in Ralph's primary source of income.
2. Similarly, Ralph was President of BMJ Property Maganement Inc (BMJ) representing Ralph's other and final source of income.
3. May 22, 2015 Bank of Blue Valley, represented by Sinson Leonard Street LLP (The very same lawfirm Ralph's recently appointed Judge for his upcoming criminal sentencing had just departed in the capacity of partner) asked the Johnson County Court to permiss the appointment of a receiver, one Robert Hunter Tucker.
4. District Court of Johnson County, Kansas granted the request (Case No. 15-cv-3150) putting the District Court, Bank of Blue Valley, Stinson Leonard Street LLP and Robert Hunter Tucker in charge of all of Ralph's businesses and bank accounts both business and the pledged personals leaving Ralph in a metaphoric forced bankruptcy.
5. Ralph's and OMB's legal respresentation withdrew June 9, 2015 (docket) due to lack of payment thus leaving Ralph abandoned while in process of addressing Partial and Motion for Summary Judgement in Ralph's favor and preparing to go to court due to the denial of numerous Motion Summary Judgement requests on behalf of Glock due to such things as material facts (Doc No.179 p45) and insufficient evidence (Doc No. 179 p47) for example.
6. Ralph demanded ALL Attorney Client Privileged documents, in specific those that related to this civil case and the criminal case birthed from it. The documents were physically at OMB and on the server where all priviliged communication existed. Ralph not only had NO access but rather prohibited access to his own privileged documents and communication. [] In the Bank of Blue Valley case, the court placed OMB into a receivership for the benefit

of the Bank of Blue Valley, and has prohibited Ralph, who was the sole owner of OMB, from having any contact with it." (Doc. No. 196). It wasn't until approximately within 30 days of sentencing for the criminal case that Ralph received his privileged communication and documents that he had been deprived of.

7. For a period of time after the receivership all correspondence in reference to the lawsuit was being sent to OMB. There was an extensive delay recieving forwarded mail from the receiver Robert Hunter Tucker.

8. Ralph was a business person, not a lawyer or even a student of law, not knowing the court procedures Ralph responded to the court via telephonically to notify intention of pro se.

9. Ralph, metaphorically bankrupt, could not afford counsel to relearn this complex case.

10. Document 195 was received by Ralph within days of criminal sentencing and was emotionally detached from "normal course of life" at this point. "The court may set aside an entry of default for good cause [.]" Fed. R. Civ P. 55(c) The defaulting party bears the burden of establishing "good casue." African Methodist Episcopal Church. Inc v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999). "Good cause" is a mutable and liberal standard, varying from situation to situation. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F. 3d 948, 951 (11 Cir 1996). In determining whether "good cause" is present, courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether the defaulting party acted promptly to correct the default. Id. "Whatever factors are employed, the imperative is that they be regarded simply as means of identifying circumstances which warrant the finding of "good cause" to set aside default."Id. The Eleventh Circuit generally views judgements with disfavor because of its strong policy for resolving cases based on their merits. Surtain v. Hamlin Terrace Foun., 789 F. 3d 1239, 1244-45 (11th Cir. 2015),Florida Physician's Ins. Co. v. Ehlers, 8 F. 3d 780, 783 (11th Cir. 1993).

For all the reasons above, Ralph respectfully requests the court to grant the Motion for Set Aside of the Default Judgement.

Respectfully Submitted

_____  11/29/16
John S Ralph III          Date

CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the aforesaid was mailed on this 29th day of November 2016, via US mail, postage prepaid, certified, per the Prison Mail Box Rule to U.S. Dist G 75 Ted Turner Dr SW Richard B Russell Bldg #2211 Atlanta GA 30303 at the following address Miller + Martin PLLC Regions Plaza Suite 2100 1180 W Peachtree St NW Atlanta GA 30309

John Ralph III

pro se defendant

